UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMIGDIO RIOS-AREVALO, <br><br> Petitioner, <br><br> v. <br><br> LOWELL CLARK, et al., <br><br> Respondent. | Case No. C14-1325-RSM-BAT <br><br> **REPORT AND RECOMMENDATON** |

Emigdio Rios-Arevalo, who was previously held in immigration detention at the Northwest Detention Center, filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241, seeking a bond hearing.  Dkt. 1.  Respondents have moved to dismiss the petition as moot because an Immigration Judge granted petitioner release from custody on a $9,000 bond.  Dkts. 14 & 14-1.  Petitioner has posted bond and been released.  *See* Online Detainee Locator, U.S. Immigration and Customs Enforcement, https://locator.ice.gov/odls/searchByName.do (last visited Dec. 30, 2014).

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.  *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  Where the court can no longer grant effective relief, it lacks jurisdiction and must dismiss the case as moot.  *See, e.g.*, *Cox v. McCarthy*, 829 F.2d 800, 805 (9th Cir. 1987); *Enrico's, Inc. v. Rice*, 730 F.2d

REPORT AND RECOMMENDATON- 1

1250, 1254 (9th Cir. 1984).  Because petitioner has already been granted the ultimate relief sought—a bond hearing—his claim must be denied as moot.  *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (claims are moot where court cannot provide the requested relief).

For the foregoing reasons, the Court recommends that respondents' motion to dismiss, Dkt. 14, be GRANTED; petitioner's habeas petition, Dkt. 1, be DENIED as moot; and this action be DISMISSED without prejudice.   A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.  Objections, however, may be filed and served upon all parties no later than **January 16, 2015.**  The Clerk should note the matter for **January 16, 2015**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed eight pages.  The failure to timely object may affect the right to appeal.

DATED this 2nd day of January, 2015.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge